Filed 10/29/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MIKE KALTA et al., | B292185 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC640449) |
| v. | |
| FLEETS 101, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elizabeth A. White, Judge. Affirmed.

Law Office of Steven A. Simons and Steven A. Simons for Plaintiffs and Respondents.

Gross Law Firm and Jared Gross for Defendant and Appellant.

\* \* \* \* \* \* \* \* \* \*

This is an appeal from a jury verdict in favor of plaintiff Mike Kalta on his claim against defendant for violation of the Consumers Legal Remedies Act (CLRA; Civ. Code, § 1750 et seq.) Defendant contends the judgment must be reversed because Mr. Kalta is not a consumer with standing to sue under the CLRA.  We affirm.

**FACTS**

We glean the following facts from the rather limited record on appeal, which did not include the pleadings, a transcript of the hearing on the motions in limine, the trial exhibits, or jury instructions.

It appears plaintiffs Mike Kalta and his business, Greenfield Landscaping, Inc., sued defendant Fleets 101, Inc. for violation of the CLRA based on misrepresentations made during the sale of a used truck to plaintiffs.

Defendant admitted in response to plaintiffs' request for admissions that the vehicle was purchased for Mr. Kalta's personal use.  Before trial, defendant moved in limine to preclude plaintiffs from introducing this admission at trial, and to preclude any reference at trial to plaintiffs as "consumers" under the CLRA.  These motions were denied.  Defendant makes no claim of error in the court's ruling denying these motions in limine.

The evidence at trial was that Mr. Kalta purchased the vehicle through his company, Greenfield Landscaping, Inc., due to his poor credit.  Title was taken in the business's name.  However, Mr. Kalta testified the vehicle was for his personal use, and the Retail Installment Sale Contract states the truck was purchased for personal and not commercial purposes.  The trial court instructed the jury it had been "conclusively established"

2

that the vehicle "was purchased for personal use."

The jury found by special verdict that Mr. Kalta suffered damages of $10,435.88, and awarded punitive damages of $10,000. Judgment was entered in favor of both plaintiffs.

On appeal, defendant contends Mr. Kalta lacks standing to sue because his business purchased the vehicle. Defendant also contends Mr. Kalta is not a "consumer" within the meaning of the CLRA.

Defendant does not tell us the standard of review; does not summarize the facts, detailed *ante*, supporting a finding that the vehicle was purchased for Mr. Kalta's personal use; does not challenge the trial court's ruling on its motions in limine, which precluded defendant from arguing at trial that Mr. Kalta was not a consumer; and the record on appeal creates more questions than it provides answers. Plainly, defendant has failed to satisfy its burden of demonstrating prejudicial error. (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [a brief must contain reasoned argument and legal authority to support its contentions or the court may treat them as waived]; *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [failure to state all evidence fairly in appellate briefs waives alleged error]; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [appellant must provide an adequate record to establish prejudicial error, because the lower court's judgment is presumed correct].)

We find substantial evidence Mr. Kalta was a consumer within the meaning of the CLRA, and had standing to sue. (See Civ. Code, § 1761, subd. (d) [" 'Consumer' means an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes."]; *San Luis Rey Racing, Inc. v. California Horse Racing Bd.* (2017) 15 Cal.App.5th

3

67, 73 [trial court's factual findings concerning standing are reviewed for substantial evidence]; *CashCall, Inc. v. Superior Court* (2008) 159 Cal.App.4th 273, 286 [discussing standing].)

Defendant cites no case, and we have found none, that holds the consumer must pay for the goods out of his own pocket rather than through a commercial entity to have standing under the CLRA.  Defendant has not developed any cogent argument supported by authority to persuade us that the facts Mr. Kalta's landscaping company paid for and took title in the truck establish as a matter of law that only the company has an interest in the truck to the exclusion of Mr. Kalta.  Defendant's admission that the truck was acquired for Mr. Kalta's personal use, along with Mr. Kalta's testimony at trial, is substantial evidence Mr. Kalta was a consumer with standing to assert a violation of the CLRA.  (Code Civ. Proc., § 2033.410; *Joyce v. Ford Motor Co.* (2011) 198 Cal.App.4th 1478, 1489 [binding effect of admissions].)

## DISPOSITION

The judgment is affirmed.  Respondents may recover their costs on appeal.


GRIMES, J.

WE CONCUR:



BIGELOW, P. J.



STRATTON, J.

4